IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD KNAPP,

    Plaintiff,   CIV. NO. S-10-2889 KJM GGH PS

  vs.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.   FINDINGS AND RECOMMENDATIONS

_____/

    On June 10, 2011, this court issued an order to show cause to defendants to explain why they should not be enjoined from attempting to enforce any state court eviction notice against plaintiff. Defendants were directed to file a response by 4:00 p.m. on June 15, 2011. Having received no response by defendants at that time, the court now issues the following findings and recommendations.

    Therefore, "[a] plaintiff seeking [preliminary injunctive relief] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (*quoting* Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008)). However, the serious questions test survives Winter. A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th

1

1 Cir. 2011).

2         Plaintiff filed this action in state court on September 27, 2010, and defendants JP
3 Morgan Chase Bank ("Chase"), N.A., Chase Home Finance LLC ("CHF"), and Federal National
4 Mortgage Association (Fannie Mae") removed it to this court on October 27, 2010, on the basis
5 of diversity.  Content to use the state processes for eviction proceedings, defendants were
6 apparently not content to rely on state process for responding to the action filed by plaintiff in
7 state court but rather removed this action to federal court.

8         Plaintiff alleges that he was in loan modification discussions with Chase
9 beginning in September, 2009 because he was struggling to make his mortgage payments on his
10 residence.  (First Amended Compl. at ¶¶ 10, 14.)  The amended complaint states that CHF
11 informed him by attached letter on August 2, 2010 that he had completed the first step of the
12 "trial loan modification," and that CHF "would very much like to make [his] loan modification
13 permanent."  (Id. at ¶ 17.)  Plaintiff alleges that CHF's request for necessary documents from him
14 and their notice to him that he had completed the first step of his trial loan modification, resulted
15 in a contract to modify his loan.  (Id. at ¶ 18, Comp., Ex. 6.)  Thereafter, plaintiff alleges,
16 defendants failed to modify his loan but instead sold his home to Fannie Mae on August 13,
17 2010.  The amended complaint alleges claims for breach of contract against Chase and CHF, and
18 quiet title against Fannie Mae.  Plaintiff seeks declaratory and injunctive relief, and
19 compensatory damages.

20         Defendants have previously asserted that as a result of plaintiff's default on his
21 mortgage loan and his failure to cure this default, the deed of trust was assigned to Fannie Mae
22 on August 19, 2009, and the home was sold on August 13, 2010 at auction.

23         On May 20, 2011, the undersigned vacated defendants' motion to dismiss as
24 moot, and deemed plaintiff's proposed amended complaint, filed with his opposition, as filed on
25 the date of that order.  Defendants were directed to file a response to the amended complaint
26 within 28 days of that order.  Following that order, on May 27, 2011, plaintiff filed a "request for

stay of action," which the court construes as a request for injunctive relief. Due to inadvertence in the Clerk's Office, that motion was not forwarded to the undersigned until several days later. Plaintiff's motion states that pursuant to an unlawful detainer action filed against him in state court, he would soon be forced to vacate the property at issue in the instant case.[1] That filing prompted the undersigned to immediately issue the order to show cause. The order specifically states: "defendants shall show cause by June 15, 2011 at 4:00 p.m. why they should not be enjoined from attempting to enforce any eviction notice against plaintiff. The court may order personal appearances at a later scheduled hearing." Order, filed June 10, 2011.[2] (Dkt. # 25.)

The issuance of the order to show cause was based on serious questions that state law, including state contractual law, would preclude defendants' alleged dichotomous action. Plaintiff may be entitled to specific performance of the mortgage loan modification. Clearly, if plaintiff were to be evicted from his home, he would suffer irreparable harm, and at present the balance of hardships tips sharply in plaintiff's favor. Defendants have not filed a timely response to the order to show cause. By failing to timely file supporting papers in response to the order, defendants have conceded the propriety of injunctive relief.[3]

Accordingly, IT IS HEREBY RECOMMENDED that a preliminary injunction be entered, subject to later modification as appropriate, restraining defendants from seeking to enforce an eviction order, including initiating contact with state authorities so that the eviction

---

[1] According to the undersigned's courtroom deputy, plaintiff telephoned her to say that he would be evicted from the property on Thursday, June 16, 2011.

[2] Under the Anti-Injunction Act, 28 U.S.C. § 2283, it would be very doubtful that this court could restrain state court eviction proceedings per se.

[3] The undersigned does note that an untimely opposition was filed approximately two hours past the due date by defendants Chase Home Mortgage and Federal National Mortgage Association. Defendant must realize that when the court gives not only a date but also an hour deadline, such deadlines are firmly fixed. And "close enough" in terms of timely filing is not "good enough."
    That being said, the court notes that defendants expressly do not oppose the granting of an injunction. Moreover, the plaintiff payment requirement requested by defendant dovetails with the requirement recommended to the district judge.

order may be enforced, assisting in enforcing the eviction order, including complying with fee payment requests associated with the eviction, or otherwise encouraging state authorities in enforcement of the eviction order. IT IS FURTHER RECOMMENDED that the Clerk of this court set up an escrow account for this case, and that plaintiff be required to pay $600 per month into the escrow account by the first of each month. Plaintiff must also file a statement on or prior to the first of each month, served on all defendants, that such payment has been timely made. If the first of the month falls on a weekend or holiday, plaintiff shall make payment prior to the first of the month. *Failure by plaintiff to submit the required money and file the required statement shall automatically, and without further order of the court terminate the injunction.* The Clerk should be ordered to disburse the funds in the escrow account to the holder of the note involved in this case at the dismissal of the case or in six month intervals which ever comes first.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). However, because of the immediacy of the situation, and because defendants made no timely filing before the undersigned as ordered, defendants shall make any objections to these Findings in the form of a motion for reconsideration of any injunction that the district judge may order if these Findings are adopted.

DATED: June 16, 2011            /s/ Gregory G. Hollows
                                UNITED STATES MAGISTRATE JUDGE

GGH:076:Knapp2889.fr2.wpd