IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD KNAPP,

    Plaintiff,                                 CIV. NO. S-10-2889 KJM GGH PS

    vs.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.                             ORDER

_____/

        Earlier on this date, June 16, 2011, the magistrate judge has filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations would have to be filed as a motion for reconsideration before the district judge.

        The court has reviewed the applicable legal standards and, upon *de novo* review, concludes that it is appropriate to adopt the Findings and Recommendations in full. Although two elements of the preliminary injunction test, set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365 (2008), are not explicitly discussed in the findings and recommendations, the court notes that these elements -- the balance of equities favors the plaintiff and issuance of a preliminary injunction is in the public interest – are satisfied by the findings made by the magistrate judge.

1       The unique procedural posture of this case must be addressed. The typical practice in this court is to allow fourteen days to respond to a magistrate judge's findings and recommendations. *See* E.D. LOCAL RULE 304(b). However, "[t]he court may require a response within a shorter period if exigencies of the calendar require." *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978). Here, were the court to allow an objection period, plaintiff would be severely prejudiced and the basis for the preliminary injunction would be moot as plaintiff is set to be evicted today. Moreover, the court has considered the defendants' belated reply to the magistrate judge's show cause order and notes that defendants do not object to the court's issuance of a preliminary injunction. ECF 26. The findings and recommendations incorporate a provision that satisfies defendants' request for payment of rent as a condition of the injunction. In light of the record before the court, defendants' non-objection to a preliminary injunction in response to the show cause order is construed as non-objection to the preliminary injunction as proposed in the Findings and Recommendations. Additionally, as recommended by the magistrate judge, defendants may still challenge this order through a motion for reconsideration.

      Accordingly, IT IS ORDERED that the Findings and Recommendations filed June 16, 2011 (ECF 27), are ADOPTED in full, with the result that:

      1. A preliminary injunction is entered, subject to later modification as appropriate, restraining defendants from seeking to enforce an eviction order, including initiating contact with state authorities so that the eviction order may be enforced, assisting in enforcing the eviction order, including complying with fee payment requests associated with the eviction, or otherwise encouraging state authorities in enforcement of the eviction order.

      2. The Clerk of Court shall set up an escrow account for this case, and plaintiff is required to pay $600 per month into the escrow account by the first of each month, beginning July 1, 2011. Plaintiff shall file a statement on or prior to the first of each month, served on all defendants, that such payment is being timely made. If the first of the month falls on a weekend or holiday, plaintiff shall make payment prior to the first of the month. *Failure by plaintiff to*

*submit the required money and file the required statement shall automatically, and without further order of the court, terminate the injunction.* The Clerk of Court shall disburse the funds in the escrow account to the holder of the note involved in this case upon dismissal of this case or in six month intervals, whichever comes first.

DATED: June 16, 2011.

_____
UNITED STATES DISTRICT JUDGE