IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD KNAPP,

      Plaintiff,                                CIV. NO. S-10-2889 KJM GGH PS

    vs.

JP MORGAN CHASE BANK, N.A., et al.,

      Defendants.                             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). This case was removed from state court on October 27, 2010. In the order requiring joint status report, filed October 27, 2010, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendants filed a motion to dismiss on June 17, 2011, to which plaintiff did not respond. Plaintiff also failed to appear at the July 21, 2011 hearing. On August 4, 2011, this court issued findings and recommendations, recommending that this action be dismissed for plaintiff's failure to oppose defendants' motion to dismiss. On August 11, 2011, plaintiff filed objections, which state that he did not receive a court order regarding the July 21, 2011 hearing until days after the hearing. He claims he also did not receive the motion to dismiss and was unaware of the hearing or the motion. Despite plaintiff's various, somewhat suspect excuses, plaintiff was given the

opportunity to oppose the motion, and warned that he would not be granted any further extensions. Plaintiff has not filed an opposition.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the

1  court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this
2  case be dismissed.

3  As stated in its previous findings, the court is troubled by plaintiff's decision not
4  to oppose dismissal of the complaint, especially because plaintiff has been fulfilling his duty
5  under the injunctive relief order to timely pay into a court escrow an amount that approximates
6  fair rent while this eviction case proceeds.  In this case in particular, the court placed other
7  matters to the side in order to issue an expeditious ruling on plaintiff's liberally construed motion
8  for injunctive relief because the complaint, or at least a discernable claim therein, contained
9  potential merit.  Nevertheless, it now appears that plaintiff expects the court to take over the case
10 for him with plaintiff doing nothing in the prosecution of his litigation aside from waiting for the
11 result(s).  The court cannot fulfill its role as a neutral adjudicator of the facts and law in such a
12 capacity.

13 Accordingly, IT IS RECOMMENDED that this action be dismissed with
14 prejudice pursuant to Federal Rule of Civil Procedure 41(b).

15 These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
17 fourteen (14) days after being served with these findings and recommendations, any party may
18 file written objections with the court and serve a copy on all parties.  Such a document should be
19 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
20 objections shall be served and filed within fourteen (14) days after service of the objections.  The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: September 29, 2011

　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

26 GGH:076:Knapp2889.41.2.wpd